## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **FRIZELL HAMILTON, Sr.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 13-2231-JWL** |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security Disability (SSD) benefits and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act).  Finding error in the Commissioner's evaluation of the mental demands of Plaintiff's past relevant work, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING for further proceedings consistent herewith.

I.    **Background**

Plaintiff applied for SSD and SSI, alleging disability beginning September 1, 2007. (R. 15, 150-62).  In due course, Plaintiff exhausted proceedings before the Commissioner,

and now seeks judicial review of the final decision denying benefits.  He alleges that the Administrative Law Judge (ALJ) failed to perform a function-by-function assessment of Plaintiff's abilities when assessing residual functional capacity (RFC); failed to include all of Plaintiff's mental limitations in the hypothetical question for the vocational expert; failed to consider the combined effects of all of Plaintiff's impairments; and made no inquiry into, or finding regarding the mental demands of Plaintiff's past relevant work before finding that Plaintiff is able to perform that work.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Nonetheless, the

2

determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one

3

through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

In this case, the ALJ determined at step four of the sequential evaluation process that Plaintiff is able to perform his past relevant work as a cutting machine operator "as actually and generally performed," denied Plaintiff's applications on that basis, and did not continue to apply the fifth step of the process.  (R. 22).  The court finds that remand is necessary because the ALJ did not adequately consider Plaintiff's mental abilities or the mental demands of Plaintiff's past relevant work.  Since the ALJ did not make an alternative step five finding, the court has no basis to determine whether Plaintiff is able to perform other work in the economy, and whether the step four error is, therefore, harmless.

Each of Plaintiff's claims of error is at least tangentially related to the ALJ's failure to properly consider Plaintiff's mental abilities.  Therefore, the court addresses only the ALJ's errors in this regard.  Plaintiff may make further arguments regarding his allegations of error, if desired, to the Commissioner on remand.

## II.     Evaluation of Plaintiff's Mental Impairments

Plaintiff argued that the ALJ erred in failing to make any "inquiry into, or any finding specifying the mental demands of Plaintiff's past relevant work" in phase two of her step four evaluation.  (Pl. Br. 21).  He argued that the ALJ did not indicate she had considered the combined effects of Plaintiff's impairments which she found not to be severe when she was considering Plaintiff's past relevant work.  (Pl. Br. 20).  And, Plaintiff argued that the hypothetical questioning of the vocational expert was flawed because it did not include certain mental limitations opined by the state agency psychological consultant.  (Pl. Br. 19-20).  The Commissioner argued that the ALJ "appears to have given Plaintiff the benefit of the doubt by including moderate limitations on Plaintiff's ability to perform detailed instructions and get along with others." (Comm'r Br. 9).  She argued that the ALJ's finding that Plaintiff can perform his past relevant work as a cutting machine operator was based on the vocational expert's testimony, and that although the ALJ only gave "some" weight to Dr. Witt's opinion regarding mental limitations, the limitations opined by Dr. Witt "are compatible with the ALJ's RFC findings."  (Comm'r Br. 9).

Each of the Commissioner's arguments ignores that she has promulgated a psychiatric review technique which provides a particular way in which she will evaluate a claimant's mental impairments.  20 C.F.R. §§ 404.1520a, 416.920a.  In evaluating the severity of mental impairments at steps two and three, the technique provides for rating the degree of functional limitation in each of four broad mental functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and

episodes of decompensation.  Id. §§ 404.1520a(c) 416.920a(c).  After rating the degree of limitation in each functional area, the Commissioner determines the severity of plaintiff's mental impairments.  Id. §§ 404.1520a(d), 416.920a(d).

When the first three functional areas are rated as "none" or "mild," and the fourth area is rated as "none," the agency will conclude at step two of the sequential evaluation process that plaintiff's mental impairments are not severe "unless the evidence otherwise indicates that there is more than a minimal limitation in [plaintiff's] ability to do basic work activities."  Id. §§ 404.1520a(d)(1), 416.920a(d)(1).  If the mental impairments are severe, the technique requires an evaluation of whether the impairments meet or equal a listed impairment by comparing the step two findings and the medical evidence with the criteria of the listings.  Id. §§ 404.1520a(d)(2), 416.920a(d)(2).  If the Commissioner determines that plaintiff's mental impairments do not meet or equal a listing, she will then assess plaintiff's RFC.  Id. §§ 404.1520a(d)(3), 416.920a(d)(3).  The regulations require that the ALJ must document application of the technique in her decision.  20 C.F.R. §§ 404.1520a(e), 416.920a(e).

> [T]he written decision must incorporate the pertinent findings and conclusions based on the technique.  The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s).  The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

20 C.F.R. §§ 404.1520a(e)(4), 416.920a(e)(4).

The Commissioner has clarified the difference between assessing mental RFC and evaluating the severity of mental limitations at steps two and three of the sequential evaluation process based upon the broad functional areas identified in the psychiatric review technique.  SSR 96-8p, West's Soc. Sec. Reporting Serv., Rulings 147 (Supp. 2014).  "The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in" the four functional areas.  Id.  RFC must be expressed in terms of specific work-related functions.  Id. at 148.  "Work-related mental activities generally required by competitive, remunerative work include the abilities to: understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting."  Id. at 149; see, 20 C.F.R. §§ 404.1545(c), 416.945(c).  Therefore, an ALJ should not state a mental RFC in terms of the four functional areas, but should make a function-by-function assessment of each of the work-related mental activities relevant to the case at hand.

### A.    The ALJ's Decision With Regard to Mental Impairments

The court has searched the decision at issue, and presents herein all of the ALJ's discussion and findings as they relate to application of the Commissioner's psychiatric review technique in this case.  At step two, the ALJ found that Plaintiff's mild disorder of the back is a severe impairment, but she made mention of no mental impairments in her step two analysis.  (R. 17).  In her step three analysis the ALJ found that Plaintiff has no

impairment or combination of impairments that meets or equals the severity of an

impairment in the Listing of Impairments and she noted that she evaluated Plaintiff's back

disorder pursuant to Listing 1.04, but again she said nothing regarding mental

impairments or limitations.  (R. 17-18).  In her RFC assessment, the ALJ found that

Plaintiff has "a moderate limitation in the ability to understand, remember and carry out

detailed instructions, interact appropriately with the general public and get along with

coworkers or peers without distracting them or exhibiting behavioral extremes."  (R. 18).

During her narrative discussion regarding RFC the ALJ summarized the record

evidence, noting evidence that Plaintiff used cocaine twenty years ago, reported drinking

three to fifteen beers and three or four pints of liquor a day (R. 19), and reported that he

can pay bills and handle money, watches television and does crossword puzzles, and has

no problems getting along with others.  (R. 21).  The ALJ summarized third party

function reports in which it was reported that Plaintiff has problems remembering and

concentrating, watches television, does puzzles, can handle money and pay bills, does not

need to be reminded to go places, and has no problems getting along with others.  (R. 21).

Without naming Dr. Witt, the ALJ noted that she had considered the opinions of the state

agency consultants, and had given them "some, but not controlling weight."  (R. 22)

(citing Exs. 15F, 16F (R. 403-20)).  She found that there "were no opinions from any

treating or examining medical professional that claimant had any debilitating limitations

on his ability to work."  (R. 22).  Finally, she stated that she found no reason "why the

claimant cannot perform the full range of light work, subject to the nonexertional limitations previously cited."  (R. 22).

In her step four analysis, the ALJ noted the vocational expert's testimony that Plaintiff's work as a cutting machine operator was semi-skilled, his work as a supervisor of a cutting machine was skilled work, and that based upon the RFC assessed, Plaintiff would be able to perform work as a cutting machine operator.  (R. 22).  The ALJ stated, "In comparing the claimant's residual functional capacity with the physical and mental demands of [work as a cutting machine operator], the undersigned finds that the claimant was able to perform it as actually and generally performed."  (R. 22).

### B.    Relevant Record Evidence Regarding Mental Impairments

As the Commissioner acknowledges, Plaintiff alluded to "mental" as one of the conditions limiting his ability to work.  (Comm'r Br. 4) (citing R. 185).  On October 1, 2009 Plaintiff was referred to a psychologist, Dr. Bruce Bean, for a consultative psychiatric evaluation.  (R. 381-86).  Dr. Bean diagnosed Plaintiff with paranoid personality traits, cocaine abuse in reported remission, and possible alcohol abuse, and he found that Plaintiff "appears to have difficulty interacting with others due to suspiciousness, and would likely do better in more solitary types of endeavors."  (R. 384). In a review of the evidence at the reconsideration level of review, Dr. Witt prepared a Psychiatric Review Technique form in which he determined that Plaintiff has a personality disorder of "paranoid traits," and a substance addiction disorder.  (R. 403, 410-11, 415).  Dr. Witt found Plaintiff has "moderate" difficulties in maintaining social

functioning and in maintaining concentration, persistence, or pace; and, although neither

Dr. Witt nor the ALJ said so, applying the Commissioner's psychiatric review technique

to these facts requires finding that Plaintiff's mental impairments are severe within the

meaning of the Act.  (R. 413); 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1).  In addition

to the Psychiatric Review Technique form, Dr. Witt completed a Mental Residual

Functional Capacity Assessment form, in which he opined that Plaintiff is "Moderately

Limited" in the abilities to understand, remember, and carry out detailed instructions; to

interact appropriately with the general public; and to get along with coworkers or peers

without distracting them or exhibiting behavioral extremes.  (R. 417-18).

### C.    Analysis

Here, there is simply no indication that the ALJ applied the psychiatric review

technique as required by the regulations.  There is no mention of the four broad areas of

mental functioning upon which a determination of the severity of Plaintiff's mental

impairments depends.  The ALJ did not find any medically determinable mental

impairment, severe or otherwise.  And, if it were not for the fact that the ALJ found RFC

limitations in understanding, remembering, and carrying out instructions, in interacting

with the public, and in getting along, there would be no specific indication in the decision

that she recognized any mental impairments.

The decision says nothing whatsoever regarding Dr. Bean's psychiatric evaluation.

Although the decision accords "some" weight to the opinions of the "state agency

consultant[s]" and cites certain exhibits in that regard including those completed by Dr.

Witt, it does not name Dr. Witt, and does not indicate that he completed a Psychiatric Review Technique form or a Mental Residual Functional Capacity Assessment form.

In short, there is no basis to find that the ALJ made a function-by-function assessment of Plaintiff's mental abilities, or that she evaluated Dr. Witt's opinions or Dr. Bean's report. Finally, when Plaintiff argues that "the ALJ made no inquiry into, or finding specifying the mental demands of Plaintiff's past work," the court must conclude that even if she did so, she had no basis upon which to compare her findings with Plaintiff's mental abilities. This is error requiring remand for the Commissioner to apply her psychiatric review technique properly to Plaintiff's alleged mental impairments and to then make and document a function-by-function assessment of Plaintiff's mental abilities.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING this case for further proceedings consistent herewith.

Dated this 28th day of August 2014, at Kansas City, Kansas.


s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**

11